IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CURTIS PINNER,                    )
                                  )
Plaintiff,                        )
                                  )
vs.                               )                    NO. 2:16-CV-137
                                  )
LAMONT HUTTON,                    )
                                  )
Defendant.                        )

OPINION AND ORDER

This matter is before the Court *sua sponte*.  On June 17, 2016,

this Court dismissed a document filed by Pinner and construed as a

complaint by the Clerk's Office, indicating that the filing fell

"far short of what is required by Federal Rule of Civil Procedure

8."  (DE #7).  The Court expressed several concerns, including

whether this Court had subject matter jurisdiction over Pinner's

claims.  Pinner was instructed as follows:

> If Plaintiff believes he has a claim
> cognizable against Hutton in federal court, he
> may file an amended complaint complying with
> Federal Rule of Civil Procedure 8 and
> explicitly explaining why he believes this
> Court has subject matter jurisdiction over his
> claim.  The amended complaint needs to contain
> a short and plain statement of what happened
> to him which gives rise to his claims.  He
> needs to state when these events occurred and
> clearly explain how the defendant was
> specifically involved with each claim that he
> is raising against that defendant.  He need
> not include extraneous facts that do not
> involve the matter at hand.  Additionally, the
> complaint must contain sufficient factual
> matter to "state a claim that is plausible on
> its face." *Bell Atlantic Corp. v. Twombly*,
> 550 U.S. 544, 570 (2007).  "A claim has facial
> plausibility when the pleaded factual content

> allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

(DE #7).

In response, Pinner filed a document titled "Amended Statement to United States District Court (Northern Division) For Case Pinner v. Hutton (2:15-cv-00137, Indiana Northern District Court." (DE #9). This document comes no closer to complying with Federal Rule of Civil Procedure 8 than the previous one. It is 182 pages, which is far from the "short and plain statement" required by Rule 8. And, it is formatted such that, upon receipt, no defendant would reasonably understand that this is a complaint requiring action on his part. Furthermore, it would be difficult if not impossible to craft an answer to the 182-page document, consisting mostly of language from the Indiana Code followed by explanations of how the provision was violated. Setting aside these shortcomings, the Amended Statement makes no effort to explain why this Court has subject matter jurisdiction over these claims.

This Court has an obligation to ensure that it has proper subject matter jurisdiction over each lawsuit that it brought in this Court. *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). This Court has an obligation to police subject matter jurisdiction, and it is appropriate for this Court to address subject matter jurisdiction *sua sponte*. The burden of establishing that subject matter jurisdiction exists

rests with the plaintiff. *Lexington Ins. Co. V. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999). In order to avoid dismissal for lack of subject matter jurisdiction, a plaintiff must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013).

For this Court to have diversity jurisdiction over Pinner's claims, the amount in controversy must exceed $75,000, and there must be diversity of citizenship between plaintiff and defendant. The complaint must allege the amount in controversy and the citizenship of all parties. *Guaranty Nat'l Title Company, Inc. v. J.E.G. Associates,* 101 F.3d 57, 58 (7th Cir. 1996); *Zenith Electronics Corp. v. Kimball International Mfg., Inc.*, 114 F.Supp.2d 764, 767 (E.D. Ill. 2000). Here, Pinner's Amended Statement does not allege the amount in controversy or the citizenship of the parties. Pinner has not alleged diversity jurisdiction and nothing in his Amended Statement suggests that there is diversity of citizenship between the parties.

Federal question jurisdiction, pursuant to 28 U.S.C. section 1331, requires that the action arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.,* 725 F.3d 795, 800 (7th Cir. 2013); *see also*

*Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association,* 707 F.3d 883 (7th Cir. 2013). Pinner's first filing indicated that the Court had jurisdiction because the United States Government was a plaintiff, and also cited to a federal statute: 18 U.S.C. section 1114. (DE #1). Although the United States Government was *not* a plaintiff to the action and the statute relied upon was clearly inapplicable, the filing suggested that Pinner thought he had claims based on a federal law. The Amended Statement, however, cites exclusively to Indiana laws. There is nothing whatsoever in the Amended Statement that suggests this action contains any claim based on the Constitution or laws of the United States of America.

This Court directed Pinner to explain why he believes this Court has subject matter jurisdiction over his claims. He did not do so. Accordingly, the Clerk of the Court is **ORDERED** to **DISMISS** this action for lack of subject matter jurisdiction.


**DATED: October 31, 2016**           /s/RUDY LOZANO, Judge
                                      **United State District Court**